UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LADONA WALKER, Personal Representative
for the Estate of MARTELL HADLEY, deceased

        Plaintiff,                         Case No.
vs                                                Hon.

COUNTY OF BERRIEN, a Political Subdivision
of the State of Michigan,
SHERIFF LEONARD BAILEY,
in his Individual and/or Official Capacities,
UNDERSHERIFF CHUCK HEIT, in his
Individual and/or Official Capacities
CAPTAIN BRIAN WILKEY, in his
Individual and/or Official Capacities
LIEUTENANT EDWARD KUHL, in his
Individual and/or Official Capacities
LIEUTENANT JEFF DUFFIELD, in his
Individual and/or Official Capacities
OFFICER KIMBERLY in his Individual and/or
Official Capacities,
R/O JOHN DOE #1, in his Individual and/or
Official Capacities
R/O JOHN DOE #2, in his Individual and/or
Official Capacities
R/O JOHN DOE #3, in his Individual and/or
Official Capacities
R/O JOHN DOE #4, in his Individual and/or
Official Capacities
R/O JOHN DOE #5, in his Individual and/or
Official Capacities
Jointly and severally,
        Defendants.

---

**JOSEPH SUKUP (P39898)**
**VEN R. JOHNSON (P39219)**
**JEREMY TIEDT (P79856)**
Johnson Law, PLC
Attorneys for Plaintiff
99 Monroe Ave. NW Suite 975
Grand Rapids, MI 49503
(616) 235-9400
jtiedt@venjohnsonlaw.com

---

1

## COMPLAINT AND JURY DEMAND

**There is no other pending civil action arising out
of the transaction or occurrence alleged in this Complaint.**

*/s/ Joseph Sukup*
**JOSEPH SUKUP (P39898)**

**NOW COMES** Plaintiff, LADONA WALKER, Personal Representative for the Estate of MARTELL HADLEY, deceased, ("Martell"), by and through her attorneys, **JOHNSON LAW, PLC** and for her Complaint against the defendants named herein, states as follows:

### JURISDICTION

1. That this action arises under the United States Constitution, particularly under the provisions of the Fourteenth, Fourth and Eighth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2. That this court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, sections 1331 and 1343 and pendant jurisdiction over state claims which arise out the of the nucleus of operative facts common to Plaintiff's federal claims.

3. That Plaintiff brings suit against each and every Defendant in both their individual and official capacities.

4. That each and all of the acts of the Defendants set forth, COUNTY OF BERRIEN, SHERIFF LEONARD BAILEY, UNDERSHERIFF CHUCK HEIT, CAPTAIN BRIAN WILKEY, LIEUTENANT EDWARD KUHL, LIUTENANT JEFF DUFFIELD, OFFICER KIMBERLY, OFFICER JOHN DOE #1, OFFICER JOHN DOE #2, OFFICER JOHN DOE #3, OFFICER JOHN DOE #4, OFFICER JOHN DOE #5 were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of

Michigan, and by virtue of and under the authority of the Defendants employment and/or agency relationship with the County of Berrien.

5. That the COUNTY OF BERRIEN is responsible for, and does in fact, hire, train, supervise and instruct officers and/or employees of all grades in the performance of their duties.

6. The amount in controversy exceeds $75,000.00, exclusive of Plaintiff's claims for costs, attorney fees, interest and punitive damages.

## PARTIES

7. At all times relevant to this lawsuit, LADONA WALKER ("Walker") was the duly appointed Personal Representative of Martell Hadley's estate.

8. Plaintiff's decedent, MARTELL HADLEY ("Hadley"), was a citizen and resident of Benton Harbor, County of Berrien, State of Michigan and of the United States and is entitled to all rights, privileges and immunities accorded to all citizens of the United States.

9. At all times relevant to this lawsuit, Defendant, COUNTY OF BERRIEN ("County"), is a political subdivision of the State of Michigan duly organized in carrying out governmental functions pursuant to the laws of Michigan and one of the functions is to organize, operate, staff and supervise its detention center commonly known as Berrien County Jail.

10. At all times relevant to this lawsuit, Defendant, SHERIFF LEONARD BAILEY ("Bailey"), was the Sheriff of Berrien County and the policy maker for the Berrien County Jail and represented the ultimate repository of law enforcement power in the Berrien County Jail. Bailey was acting within the scope of his employment and under color of State law in his official capacity and is being sued in his official capacity as policy maker and sheriff, as well as his individual capacity.

11. Furthermore, Bailey had the custody and control of the Berrien County Jail and formulated and oversaw policy, practices, regulations, protocols, and customs therein and had the authority for hiring, screening, training, supervising and disciplining of deputies, corrections officers and

medical staff.

12. At all times relevant to this lawsuit, defendant, UNDERSHERIFF CHUCK HEIT ("Heit"), upon information and belief, is or was at all times pertinent hereto an officer and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

13. At all times relevant to this lawsuit, defendant, CAPTAIN BRIAN WILKEY ("Wilkey") upon information and belief, is or was at all times pertinent hereto a Captain and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

14. At all times relevant to this lawsuit, defendant, LIEUTENANT EDWARD KUHL ("Kuhl"), upon information and belief, is or was at all times pertinent hereto an Lieutenant and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

15. At all times relevant to this lawsuit, defendant, LIEUTENANT JEFF DUFFIELD ("Duffield"), upon information and belief, is or was at all times pertinent hereto a Lieutentant and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

16. At all times relevant to this lawsuit, defendant, OFFICER KIMBERLY ("Kimberly"), upon information and belief, is or was at all times pertinent hereto an officer and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

17. At all times relevant to this lawsuit, defendant, OFFICER JOHN DOE #1 ("Doe #1") upon information and belief, is or was at all times pertinent hereto an officer and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the

policies and regulations of the County of Berrien, State of Michigan and the United States.

18. At all times relevant to this lawsuit, defendant, OFFICER JOHN DOE #2 ("Doe #2") upon information and belief, is or was at all times pertinent hereto an officer and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

19. At all times relevant to this lawsuit, defendant, OFFICER JOHN DOE #3 ("Doe #3") upon information and belief, is or was at all times pertinent hereto an officer and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

20. At all times relevant to this lawsuit, defendant, OFFICER JOHN DOE #4 ("Doe #4") upon information and belief, is or was at all times pertinent hereto an officer and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

21. At all times relevant to this lawsuit, defendant, OFFICER JOHN DOE #5 ("Doe #5") upon information and belief, is or was at all times pertinent hereto an officer and an employee of the Berrien County Jail and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Berrien, State of Michigan and the United States.

22. At all times relevant to this lawsuit the individually named defendants were at all times employees of County acting within the scope of their employment.

## COMMON FACTUAL ALLEGATIONS

23. Plaintiff hereby re-alleges each and every allegation in paragraphs 1 through 22 of this Complaint as if fully stated herein.

24. That HADLEY was an inmate at the Berrien County Jail.

25. That HADLEY suffered from a psychiatric condition that Defendants failed to treat properly.

26. That on February 4, 2016, HADLEY made suicidal threats and was placed on suicidal watch and given a suicidal watch assessment.

27. That prior to February 27, 2016, the Defendants were aware that HADLEY had requested to speak with a mental health professional due to concerns regarding his mental health, including, but not limited to, depression.

28. That on February 27, 2016, HADLEY was allowed into his cell with his County issued prison clothes, towels and bed sheets.

29. That on February 27, 2016, Defendants and/or their agents were obligated to perform routine security checks on HADLEY.

30. That on February 27, 2016, HADLEY was alive and observed in his cell at 21:20.

31. That between 21:20 and 22:10, fellow inmates requested a wellness check on HADLEY.

32. That on February 27, 2016, HADLEY was found, hanging in his cell, by KIMBERLY, at approximately 22:10, from County issued towels and/or bed sheets.

33. That at 22:55 HADLEY was pronounced dead.

34. Martell Hadley died as a result of the Defendants, failure to follow policies and procedures to perform security checks on HADLEY, when they knew of HADLEY'S mental health concerns.

35. On February 29, 2016, an autopsy concluded that Martell died as a result of asphyxia by hanging.

### COUNT I
### 42 USC 1983 CONSTITUTIONAL DEPRIVATIONS

36. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

37. At all times mentioned herein, while defendants were acting under color of statute, ordinances, regulations and/or customs of the State of Michigan, County of Berrien, City of St. Joseph, defendants subjected HADLEY to a deprivation of his rights, privileges and immunities secured by the Constitutions and laws of the United States and the State of Michigan.

38. Pursuant to 42 USC §1983, as well as the Eighth and Fourteenth Amendments to the United States Constitution, County and the individually named deputies, corrections officers, and medical staff owed Martell duties to act prudently and with reasonable care, and otherwise to avoid cruel and unusual punishment.

39. County and the individually named defendants owed duties to the County's detainees, particularly to Hadley, to act prudently and with reasonable care in the formulation of its policies and procedures relative to providing prompt and immediate medical treatment to its detainees, as well as to train, test, evaluate, review and update its deputies and corrections officers abilities to function in a reasonable manner and in conformance with the laws of the United States and in the State of Michigan relative to providing prisoners with the necessary and lifesaving medical care.

40. That the action and omission of acts by the Defendants under 42 USC Section 1983 was unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness and reckless indifference to Plaintiff's well-being and in disregard of Plaintiff's safety, with wanton intent for Plaintiff to suffer the unnecessary and intentional infliction of pain, failure to obtain timely medical treatment, and failure to properly train, supervise, develop and implement policies providing adequate medical and psychiatric treatment to an inmate and by reason of which Plaintiff is entitled to compensatory and punitive damages.

41. That the conduct of the Defendants, COUNTY, BAILEY, HEIT, WILKEY, KUHL, DUFFIELD, KIMBERLY, DOE #1, DOE #2, DOE #3, DOE #4, DOE #5, individually and/or as agents of the County of Berrien, deprived Plaintiff's decedent, HADLEY, of his clearly established rights, privileges and immunities in violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States, and of 42 USC Section 1983.

42. County, through its agents and/or employees, and the individually named defendants, objectively

knew that Martell was a suicide risk, acknowledged by this Court as a "serious medical need".

43. That the conduct of the Defendants, COUNTY, BAILEY, HEIT, WILKEY, KUHL, DUFFIELD, KIMBERLY, DOE #1, DOE #2, DOE #3, DOE #4, DOE #5 individually and/or as agents of the County of Berrien, exhibited a deliberate indifference by intentional acts, gross negligence and/or engaging in omissions to breach Plaintiff's public safety and causing constitutional deprivation of his individual rights to wit:

   a. Failing to adequately screen and classify Hadley;
   b. Allowing Hadley access to County issued towels and/or bedsheets during his incarceration when they knew he was a suicide risk;
   c. Failing to care for the basic medical and mental health needs of inmates, specifically, Hadley;
   d. Failing to continue and perform wellness checks on Hadley under close and/or high observation when it was known or should have been known that this observation was required due to Hadley's previous suicidal threats;
   e. Failing to provide adequate deputies, corrections officers and medical personnel for inmate supervision;
   f. Failing to screen deputies, corrections officers and medical personnel to determine the level of their competency and performance, both before and after being engaged;
   g. Failing to monitor, train, discipline and control deputies and correction officers after derelictions in their performance became known, or should have become known;
   h. Failure to properly prescribe and monitor the appropriate medications for a mentally ill prisoner;
   i. Failure to render the proper medical attention to a prisoner who was mentally ill;
   j. Failure to properly train correction officers in the evaluation of whether an inmate needs medical treatment;
   k. Failure to transfer Plaintiff's decedent to a hospital to receive the necessary medical care;
   l. A reasonable correction officer in Defendants' position at the time of his incident prior to the decedent's death, would have known that in light of the pre-existing law, that failing to properly monitor a Plaintiff with previous suicidal threats, is a violation of clearly established law;
   m. Any and all other breaches as they become known throughout the course of this litigation.

44. That as a direct and proximate result of the aforementioned conduct and omissions of Defendants, COUNTY, BAILEY, HEIT, WILKEY, KUHL, DUFFIELD, KIMBERLY, DOE #1, DOE #2, DOE #3, DOE #4, DOE #5 individually and/or as agents of the County of Berrien, Plaintiff's decedent, HADLEY, suffered pain, anguish and ultimately death.

WHEREFORE, Plaintiff request the following relief:

   a. Reasonable medical, funeral and burial expenses;

   b. Conscious pain and suffering between the time of his injury and his death

   c. Loss of financial support;

   d. Loss of service;

   e. Loss of gifts or other valuable gratuities;

   f. Loss of comfort, society and companionship;

   g. Compensatory and punitive damages; and

   h. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988 and available under the Michigan Wrongful Death Act, MCLA §600.2922.

WHEREFORE, Ladona Walker, Personal Representative for the Estate of Martell Hadley, deceased, respectfully requests that this Honorable Court enter judgment in her favor and against defendants, including punitive damages under 42 USC §42, in excess of $75,000.00 together with interest, costs, and attorney fees.

## COUNT II
## FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE-DELIBERATE INDIFFERENCE- COUNTY OF BERRIEN – SHERIFF LEONARD BAILEY – UNDERSHERIFF CHUCK HEIT – CAPTAIN BRIAN WILKEY

45. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46. Pursuant to 42 USC §1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, defendants COUNTY, BAILEY, HEIT, and WILKEY owed Hadley certain duties to properly supervise, monitor, and train its deputies, correctional officers, and medical staff so as to monitor and supervise the jail's prisoners so that they would detect serious medical conditions and facilitate prompt and immediate medical attention and/or transport to a hospital ER.

47. That defendants, in their representative and official capacities, have maintained a custom and policy of improper training and supervision of their employees. Defendants are not protected by governmental immunity when following a policy that deprives individuals of their constitutional rights. *Monell v. N.Y. City Dep't of Soc. Serv., 436 658, 690-91, 692 (1978).*

48. That defendants, COUNTY, BAILEY, HEIT, and WILKEY, were aware of previous incidents where individuals who were incarcerated at the Berrien County Jail were not afforded proper medical treatment, specifically as to mental health referrals and observations.

49. That defendants, COUNTY, BAILEY, HEIT, and WILKEY, were aware of the custom and practice of deputies, corrections officers, and/or staff of failing to provide supervision of an inmate with suicidal ideations, similar to the actions of Defendants, KUHL, DUFFIELD, KIMBERLY, DOE #1, DOE #2, DOE #3, DOE #4, DOE #5

50. The defendants owed HADLEY the following duties and obligations:

    a. To use due care and caution;

    b. To adequately and properly promulgate guidelines and policies that comply with the requirements of 42 USC §1983 regarding the incarceration of prisoners and the supervision of prisoners especially those who are mentally and emotionally and physically unstable and especially these who are diagnosed as having psychiatric or psychological problems;

    c. To adequately and properly train and supervise deputies and employees of Berrien County Jail under their supervision on the proper method of supervising prisoners and providing for their medical needs and on effectively controlling prisoners who have or are suspected to have psychological or psychiatric problems;

    d. To avoid hiring or selecting individuals who it knows or should know are incapable of performing their responsibilities or who are likely to misuse or abuse the power conferred on them as employees of the County and Berrien County Jail.

51. Defendants breached these duties via its policies, procedures, regulations, customs and/or lack of training and thus exhibited a reckless indifference toward its prisoners, and Martell specifically, in the following ways, including but not limited to:

    a. Failure to staff the jail with competent medical personnel;

10

    b. Failure to monitor their deputies, correctional officers and medical personnel to ensure that they adequately monitor and supervise inmates who have serious medical needs;

    c. Failure to have proper policies and procedures, and training to deal with inmates with psychiatric and/or mental health issues, and maintain mental health housing, and ensure that the policies and/or procedures are followed, which include serial examinations by competent and licensed medical and mental health personnel like RN's, Psychologists and/or Doctors as well as ensure the deputies and correctional officers conduct timely and adequate rounds and record their observations of the inmates as required by their own policies and/or procedures;

    d. Failure to require that medical personnel perform a full and complete examination of an inmate with known mental health concerns at least one per day;

    e. Failure to maintain mental health housing for prisoners, more specifically Hadley, when history of psychiatric and/or mental health treatment exists;

    f. Failure to have proper policies and procedures in place to deal with jail overcrowding of the facility;

    g. Failure to have proper policies and procedures in place to deal with timely and appropriate administration of psychiatric medications;

    h. Failure to fully investigate and discipline its deputies, correctional officers and medical personnel who do not abide by its policies and procedures relative to providing medical care for serious conditions; and,

    i. All other breaches learned through the course of discovery.

52. That defendants, COUNTY, BAILEY, HEIT, and WILKEY, trained their officials and/or employees and agents in such a reckless and grossly negligent manner, that it was inevitable that the officials would place a suicidal prisoner in a cell where he would not be supervised when it was obvious that such a prisoner needed constant supervision.  Notwithstanding Hadley's contemplation of suicide, defendants repeated and acquiesced in the continued practice of not placing potentially suicidal prisoners, such as Hadley, under close observation and acquiesced in the repeated and continued practice of not adequately treating suicidal inmates in obvious need of treatment.

53. The failure of the defendants to provide training and supervision regarding the prevention of suicides amounts to deliberate indifference to the safety and lives of the inmates of the Berrien

County Jail and particularly HADLEY.

54. Defendants, COUNTY, BAILEY, HEIT, and WILKEY, are supervisory officials who knew or in the exercise of reasonable care should have known that individual prison officials had engaged in the misconduct and other violations of the constitutional rights of prison inmates at the Berrien County Jail, more specifically of HADLEY.

55. Despite knowledge of its aforesaid pattern and practice, the defendants failed to properly investigate the improper practices and to supervise and train the prison officials at the Berrien County Jail, which was ultimately the driving force behind the underlying constitutional violations.

56. County developed a "hands off" policy or custom with regard to the omission of prison officials and medical personnel which encouraged the individuals to believe they could violate the constitutional rights of Hadley with the explicit or tacit approval of the defendants herein.

57. As a direct and proximate result of the above cited violations of Hadley's civil rights by defendants, Hadley died and thus his estate, through Ladona Walker, has and will continue to suffer damages in the future, including, but not limited to:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by Hadley while he was conscious during the time between his first psychiatric symptoms and his death;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts or other valuable gratuities;

    f. Loss of parental training and guidance;

    g. Loss of expected inheritance;

    h. Loss of comfort, society and companionship;

    i. Compensatory and punitive damages and

j. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Ladona Walker, as Personal Representative of the Estate of Martell Hadley, deceased, respectfully requests that this Honorable Court enter judgment in her favor and against defendants, including punitive damages under 42 USC §42, in excess of $75,000.00 together with interest, costs, and attorney fees.

## COUNT III
## NEGLIGENCE - GROSS NEGLIGENCE - INTENTIONAL, WILLFUL AND WANTON CONDUCT

58. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 57 as though fully set forth herein.

59. At all relevant times, the individually named deputies and/or corrections officers were acting within the course and scope of their employment with defendant County as law enforcement officers.

60. County and the individually named defendants owed Hadley the duty to provide medical care for his obviously serious medical needs.

61. County and the individually named defendants, acting within the scope of their employment with County, breached this duty and were grossly negligent as that term is defined in MCL 691.1407(2)(c), when they acted intentionally by the actions described above, said acts having been committed intentionally or so recklessly as to demonstrate a substantial lack of concern as to whether injury would result and/or their acts of willful and wanton misconduct toward Hadley and in disregard for his health, safety and constitutional/statutory rights.

62. At all relevant times, County and the individually named defendants were grossly negligent in one or more of the following ways:

   a. Failing to adequately screen and classify Hadley;
   b. Failing to maintain mental health housing, in deliberate disregard of Hadley's suicide

13

      risk;

  c. Allowing Hadley access to County issued towels and/or bed sheets when they knew or should have known he was a suicide risk;

  d. Failing to care for the basic medical and mental health needs of inmates, specifically Hadley;

  e. Failing to procure Hadley anti-psychotic medications, in deliberate disregard of Hadley's suicide risk;

  f. Failing to continue and perform routine checks on Hadley under close and/or high observation when it was known or should have been known that this observation was required due to Hadley's suicidal tendencies;

  g. Failing to treat Hadley's deteriorating mental state by seeking immediate medical attention or transfer him to a hospital/mental facility;

  h. Failing to provide for appropriate and reasonable medical and/or mental treatment of inmates;

  i. Failing to provide adequate deputies, correction officers, and medical personnel for inmate supervision;

  j. Failing to screen deputies, correction officers, and medical personnel to determine the level of their competency and performance, both before and after being engaged;

  k. Failing to monitor, train, discipline and control deputies, correction officers, and medical personnel after derelictions in their performance became known, or should have become known;

  l. Failing to refrain from intentionally denying or delaying access to appropriate medical care;

  m. Failing to refrain from acting with gross negligence or deliberate indifference toward or willful disregard of any violation of Hadley's constitutional rights; and

  n. Any and all other acts of gross negligence as they become known throughout the course of this litigation.

63. As the direct and proximate result of the aforementioned conduct and omissions of the Defendants, COUNTY, BAILEY, HEIT, WILKEY, KUHL, DUFFIELD, KIMBERLY, DOE #1, DOE #2, DOE #3, DOE #4, DOE #5, individually and/or as agents of the County of Berrien, Plaintiff's decedent, HADLEY, suffered pain, anguish and ultimately, death:

WHEREFORE, Ladona Walker, Personal Representative of the Estate of Martell Hadley, deceased, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants jointly and severally, in excess of $75,000.00 pursuant to 42 U.S.C. § 1983, exclusive of costs, interest, attorney fees and punitive damages.

Respectfully submitted,

JOHNSON LAW, PLC

Dated: February 27, 2019

*/s/Joseph Sukup*
JOSEPH SUKUP (P39898)
VEN R. JOHNSON (P39219)
JEREMY TIEDT (P79856)
Johnson Law, PLC
Attorneys for Plaintiff
99 Monroe Ave. NW Suite 975
Grand Rapids, MI 49503
(616) 235-9400
jtiedt@venjohnsonlaw.com

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Ladona Walker, Personal Representative of the Estate of Martell Hadley, deceased, by and through her attorneys, **JOHNSON LAW, PLC** and hereby demand a trial by jury in the within cause of action.

Respectfully submitted,

JOHNSON LAW, PLC

Dated: February 27, 2019

*/s/Joseph Sukup*
JOSEPH SUKUP (P39898)
VEN R. JOHNSON (P39219)
JEREMY TIEDT (P79856)
Johnson Law, PLC
Attorneys for Plaintiff
99 Monroe Ave. NW Suite 975
Grand Rapids, MI 49503
(616) 235-9400